UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>                      Plaintiff,<br><br>v.<br><br>GROSSMONT-CUYAMACA COLLEGE BOARD OF TRUSTEES, et al.,<br><br>                      Defendants. | Case No.:   22cv401-LAB (JLB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 2]; AND**<br><br>**ORDER OF DISMISSAL [Dkt. 1]** |

On March 25, 2022, Plaintiff Mel Marin, proceeding *pro se*, filed his Complaint against Defendants Grossmont-Cuyamaca College Board of Trustees, Denise Whisenhunt, Marsha Gable, Aaron Starck, Lisa Lundgren, Pat Newman, Larry McLemore, Joan Rettinger, Beth Viersen, Vanessa Saenz, and the Grossmont-Cuyamaca Community College District (collectively, "Defendants"). (Dkt. 1). He attempts to bring claims for violations of constitutional rights and state laws for Defendants' alleged failure to provide him with a disability accommodation and for failure to grant him California resident status for purposes of assessing tuition fees, in violation of California law AB540.

Marin did not pay the statutory and administrative civil filing fees required by 28 U.S.C. § 1914(a). Instead, he seeks leave to proceed *in forma pauperis* ("IFP")

pursuant to 28 U.S.C. § 1915(a). (Dkt. 2). For the following reasons, the Court **DENIES** his IFP motion and **DISMISSES** his complaint without prejudice.

## I.  *IN FORMA PAUPERIS* MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except for an application for a writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Otherwise, the Court may dismiss the action. *See Hopkins v. Tacoma Mun. Court*, 393 Fed. Appx. 476 (9th Cir. 2010) (unpublished) (affirming dismissal for failure to follow the district court's order to pay the filing fee); *see also* Fed. R. Civ. P. 41(b).

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Allen v. Kelly*, 1995 WL 396860 at *3–4 (N.D. Cal. 1995) (granting plaintiff IFP status but later requiring plaintiff to pay $120 filing fee out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP application where "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action").

Marin's IFP motion is incomplete. He neither submits the standard "long form" nor "short form" application to proceed without pre-paying fees or costs, and doesn't otherwise attach an affidavit to his motion or submit any documentation to support his claim of inability to pay. He states in his motion that he earns $750 a month from his military pension and estimates his annual income to be "less than $11,000." (Dkt. 2 at 5). But it's unclear what his annual income amount actually is, whether he obtains income from any other sources, and what his monthly expenses are. He also suggests that he has outstanding student loan debt, but again fails to state what his total debt amount is or what his monthly payments are, if he's indeed making any monthly payments at all. (*Id*.). The Court therefore **DENIES WITHOUT PREJUDICE** Marin's IFP motion.

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)**

Even if the Court were to grant the IFP motion, it would be required to screen his Complaint and to dismiss it to the extent it failed to state a claim. 28 U.S.C. § 1915(e)(2)(B). Indeed, any complaint filed by a person proceeding IFP is subject to *sua sponte* dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." *Id*.; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28

U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). While the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)), it may not, in so doing, "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Complaint alleges that, in January 2022, Marin registered as a student in the Grossmont-Cuyamaca Community College District ("GCCCD") for a four-week class. (Dkt. 1 ¶ 3). On January 3, 2022, he alleges he requested California resident status for purposes of assessing tuition fees, and also called the disability office to request disability accommodation for reading difficulty due to a prior car accident injury. (*Id*. ¶¶ 3–4). Thereafter, his access to course materials was frozen and he was placed "on hold," though a teacher was able to remove the hold the next day. (*Id*. ¶¶ 3–6). On January 7th, he received a message from the "college testing center . . . saying they are not ready to start processing disabled students for anything, and provided a phone number to call someone else to get in line for an appointment when they start business." (*Id*.). After being informed that he had to take an appointment with the disability office, he discovered that the first opening available was for the week before the end of the class session. (*Id*. ¶ 13). Marin was then dropped from his course because he "did not show an actual California house address to prove actual present residency, and a California ID and his federal social security card, and needed to submit all of those to be admitted again." (*Id*. ¶ 17). Marin then sent in improper forms of identification, including college ID cards from 2011 and 2020, which GCCCD refused to accept. (*Id*. ¶¶ 23–

25). Marin claims that GCCCD reinstated him in his history class in the last week of the winter term, and his professor allowed him to complete all of his missing assignments in the last few days without a time limit, and he was able to finish the class. (*Id*. ¶¶ 34–35).

Marin brings six causes of action related to the alleged denial of a disability accommodation and refusal to grant him in-state registration status: (1) denial of procedural and substantive due process in violation of the Fourteenth Amendment; (2) declaratory judgment, injunction, and damages in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Fourteenth Amendment; (3) mandamus for violation of the Fourteenth Amendment under Cal. Civ. Code § 1085 and 42 U.S.C. § 1983; (4) deliberate indifference in violation of the Fourteenth Amendment; (5) retaliation in violation of the First and Fourteenth Amendments; and (6) negligent failure to supervise in violation of state common law.

For the following reasons, the Court finds that Marin's Complaint plainly fails to state plausible claims and seeks impermissible forms of relief.

**A. Eleventh Amendment Immunity**

As a preliminary matter, "the Eleventh Amendment bars suits against a state brought by its own citizens, whether the relief sought is money damages or an injunction." *Seater v. Cal. State Univ., Fullerton*, 48 F.3d 1228, 1228 (9th Cir. 1995) (internal citations omitted). "Moreover, agencies of the state, such as California state colleges and universities, are similarly immune from private damage actions or suits for injunctive relief brought in federal court pursuant to 42 U.S.C. § 1983." *Id.* (citing *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)). The Ninth Circuit has repeatedly held that California community college districts constitute "arms of the state entitled to sovereign immunity under the Eleventh Amendment." *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010); *see Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir.

1994) (determining that community college districts are entitled to Eleventh Amendment immunity as dependent instrumentalities of the state).

Further, a state official sued in his or her official capacity for damages is not a "person" for the purposes of 42 U.S.C. § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (holding that state officials sued in their official capacities are not "persons" within the meaning of Section 1983 unless sued for prospective injunctive relief). The Supreme Court has determined that official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, a defendant sued in his or her official capacity possesses the same sovereign immunity as that governmental entity, and the Eleventh Amendment prohibits damages actions against him or her. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

Here, Marin sues GCCCD, as well as GCCCD faculty and administrators and the GCCCD Board of Trustees in their official capacities. Section 1983 doesn't express the requisite unequivocal intent to abrogate states' Eleventh Amendment immunity from suit, *Quern v. Jordan*, 440 U.S. 332, 342 (1979), and California has not waived its Eleventh Amendment immunity as to such claims. However, "[Ninth Circuit] precedent is clear that the State waived its Eleventh Amendment immunity under Section 504 of the Rehabilitation Act by accepting federal funds." *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 793 (9th Cir. 2004) (citations omitted). Accordingly, GCCCD is immune from suit as to all of Marin's federal claims save the second; thus, to the extent he seeks to assert those claims against GCCCD directly, they are frivolous and must be dismissed. *Seater*, 48 F.3d 1228 (citing *Atascadero State Hospital*, 473 U.S. at 241; *Mitchell*, 861 F.2d at 201; *Shaw*, 788 F.2d at 603–04; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Further, the

GCCCD faculty, administrators, and board members Marin seeks to sue in their official capacities are immune to the extent he seeks damages from them.

## B. Claim 2: Declaratory Judgment, Injunction, and Damages

Marin's second cause of action is for declaratory judgment, injunction, and damages. This claim is subject to dismissal as asserting forms of relief rather than a standalone cause of action. *See Cotton v. Bashant*, No. 18-CV-325 TWR (DEB), 2021 WL 2023036, at *3 (S.D. Cal. Mar. 17, 2021) (quoting *Inciyan v. City of Carlsbad*, No. 19-CV-2370 JLS (MSB), 2020 WL 94087, at *3 (S.D. Cal. Jan. 8, 2020)) ("[C]laims for declaratory relief are 'not themselves causes of action, but rather remedies available.'"); *Johnson v. Homecomings Fin.*, No. 09CV1262 L NLS, 2011 WL 4373975, at *5 (S.D. Cal. Sept. 20, 2011) ("Injunctive and declaratory relief are remedies, as opposed to independent causes of action."); *Cox Commc'n PCS, L.P. v. City of San Marcos,* 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) ("Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action.").

Even construing the Complaint liberally as attempting to bring a cause of action for violation of Section 504 of the Rehabilitation Act, the Court finds that Marin fails to state a claim. He alleges that he's disabled because he has "reading difficulty resulting from a car accident in July 2018," (Dkt. 1 ¶ 3), and that he attempted to seek accommodation for this alleged disability. He alleges five bases for his first cause of action: (1) Defendants didn't allow him to even begin the process of seeking disability accommodation until weeks after the semester had already started; (2) the disability office is intentionally understaffed to avoid helping disabled students; (3) disability counselors are ordered to "refuse to obey federal law" and "disregard medical records and requests of licensed physicians that seek accommodations for reading" by arbitrarily "set[ting] 2x as a [reading] limit for ease of administration"; (4) GCCCD attempts to delegate "unfettered discretion to obey federal law to individual teachers"; and (5) students who assert their rights to

meaningful accommodations are retaliated against. (Dkt. 1 ¶¶ 83–87).

Marin, however, fails to plead basic elements of his claim. "A plaintiff bringing suit under § 504 must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (citation omitted). A person is "otherwise qualified" under Section 504 if he "is able to meet all of a program's requirements in spite of" the disability. *Southeastern Community College v. Davis*, 442 U.S. 397, 406 (1979); *see also Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1205 (9th Cir. 1984) (defining "otherwise qualified" as meeting all program requirements other than those that are "unreasonable and discriminatory").

Marin fails to plausibly allege that he was "otherwise qualified" to enroll at GCCCD and that he met all the enrollment requirements. *See Duvall*, 260 F.3d at 1135. He alleges that he was purposely prevented from enrolling in a GCCCD course due to his reading disability, yet he simultaneously alleges that he was placed "on hold," "flagged," and ultimately dropped from his class "for lack of residency proof." (Dkt. 1 ¶¶ 6, 11–17, 52). He alleges that he was required to "show an actual California house address to prove actual present residency, and a California ID and his federal social security card," (*id*. ¶ 17), and he repeatedly failed to do so.

Based on the Court's initial review of the Complaint, it appears that Marin has not adequately alleged that he was otherwise qualified to enroll at GCCCD had he received reasonable accommodations for his disability. Accordingly, Marin's first cause of action is **DISMISSED**.

### C. State Law Claims

Marin's third and sixth causes of action for mandamus and negligent failure to supervise invoke Cal. Civ. Code § 1085 and state common law, respectively. "In

any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).

Because the Court has dismissed all federal claims over which it has original jurisdiction, it has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). The Court exercises that discretion here and dismisses Marin's third and sixth causes of action to the extent they seek to assert violations of state law.

### III.   LEAVE TO AMEND

For the above-mentioned reasons, the Court finds Marin's Complaint fails to state any claim upon which relief can be granted and that the Complaint must be dismissed *sua sponte* and in its entirety pursuant to 28 U.S.C. § 1915A(b)(1). Because he is proceeding *pro se*, the Court, having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### IV.   CONCLUSION AND ORDER

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion, (Dkt. 2), and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failing to state

a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b), (Dkt. 1). To have this case reopened, Marin must, no later than **June 27, 2022**, provide the Court with: (1) a copy of this Order together with Marin's $400 payment; or (2) a copy of this Order together with adequate proof that Marin cannot pay the filing fee. Only then may Marin file an amended complaint correcting the defects this Order has identified. If he does not believe he can successfully amend, he need not do anything and the case will remain closed.

**IT IS SO ORDERED**.

Dated: May 20, 2022

*Larry A. Burns*

Honorable Larry Alan Burns
United States District Judge